UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GUSTAVUS JACKSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Case No. 4:09CV836 RWS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Gustavus Jackson moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Jackson makes three allegations in support of his petition. First, that his conviction was obtained by a guilty plea which was unlawfully induced, not made voluntarily, or made without understanding of the nature of the charge and the consequences of the plea. Second, that he was denied effective assistance of counsel. Third, that he was denied the right to appeal. For the reasons set forth below, I will deny Jackson's motion.

**I.     Background**

On January 29, 2008, Jackson pleaded guilty to possession with intent to distribute one hundred or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). His guilty plea was made pursuant to a plea agreement with the United States Attorney's Office. In exchange for Jackson's plea, the United States Attorney agreed not to file any other charges against Jackson in the Eastern District of Missouri arising out of the conduct which gave rise to the indictment.

During his plea hearing, Jackson told me, under oath, that he had read the plea agreement, understood the plea agreement, had discussed the plea agreement with his attorney, and that no

promises had been made to him that were not in the plea agreement. (Plea Hr'g Tr. at 8:7-8:14.). Jackson also represented that no one had forced him to plead guilty or threatened him to get him to plead guilty. (Plea Hr'g Tr. at 7:24-8:1.).

Jackson acknowledged that he understood the rights he was giving up by pleading guilty. He told me he understood his right to a speedy and public trial by a jury. He under stood that he was presumed to be innocent, and that the burden of proof is on the United States Attorney to prove him guilty beyond a reasonable doubt. Jackson confirmed that he understood at a trial the government would have to call witnesses who would testify in his presence, and that his attorney could cross-examine the witnesses, object to the evidence, and could call witnesses to offer evidence on his behalf. Jackson also represented that he understood he would have the right not to testify or to testify on his own behalf at a trial, and that by pleading guilty he was waiving his right against self incrimination. (Plea Hr'g Tr. at 6:10-7:23.).

During Jackson's plea hearing I asked him questions about his counsel, Thomas Flynn. Jackson testified that he had enough time to discuss the case with Flynn, that he was satisfied with Flynn's representation, and that he could not think of anything Flynn should have done but did not do. (Plea Hr'g Tr. at 6:1-6:9.). I found Jackson understood his rights, and was competent to enter a guilty plea.

Jackson was sentenced on May 23, 2008. At Jackson's sentencing hearing I denied his request for safety-valve relief under U.S.S.C. § 5C1.2(a)(2) because he possessed a firearm in connection with the offense. Following this determination, I applied the sentencing guidelines and imposed a statutory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A).

Jackson appealed his sentence to the United States Circuit Court of Appeals for the

Eighth Circuit alleging I erred when I found he was not eligible for the safety-valve provision. The Eight Circuit Court of Appeals denied Jackson's appeal. United States v. Jackson, 552 F.3d 908, 911 (8th Cir. 2009).

## II. Grounds for Relief

In his § 2255 motion, Jackson alleges the following grounds for relief:

(1) His guilty plea was not voluntary and intelligent;

(2) He was denied effective assistance of counsel; and

(3) He was denied his right to appeal.

## III. Analysis

*A. Jackson's Plea was Voluntary, with Understanding of the Nature of the Charge and the Consequences of the Plea*

Jackson alleges that when he entered his guilty plea he did not understand the nature of the charge against him, or the consequences of pleading guilty. For a guilty plea to be constitutionally valid, it must be "voluntary" and "intelligent." Bousley v. United States, 523 U.S. 614, 618 (1998). A plea is not intelligent "unless the defendant first receives 'real notice of the true nature of the charge against him.'" Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000) (quoting Bousley, 523 U.S. at 618). However, a defendant who does not challenge the validity of his guilty plea on direct appeal is barred from challenging it in a collateral proceeding unless he can "demonstrate 'cause' and actual 'prejudice' or that he is 'actually innocent.'" Id. (quoting Bousley, 523 U.S. at 622).

Here, Jackson failed to raise this claim on direct appeal and therefore has procedurally defaulted his right to raise it unless he demonstrates cause and prejudice, or actual innocence.

3

Jackson has not alleged cause[1] or prejudice. Nor has Jackson suggested he is actually innocent, either in his § 2255 motion or during his plea hearing. To the contrary, Jackson, while under oath, described his crime and admitted to the facts alleged by the government. Because Jackson has not demonstrated cause and prejudice, or actual innocence, I find Jackson's claim that his guilty plea was not made voluntarily and intelligently is procedurally defaulted and cannot be raised here.

However, even if Jackson's claim was not barred, it would fail. Jackson had notice of the charge against him when he pled guilty, and he was aware of the consequences of pleading guilty. During Jackson's plea colloquy he was informed of the maximum and minimum sentences he was subjecting himself to by pleading guilty, and understood the rights he was giving up by pleading guilty. Therefore, Jackson had real notice of the true nature of the charge against him.

*B. Ineffective Assistance of Counsel*

Criminal defendants have the right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. For a convicted defendant to prove a constitutional violation due to ineffective assistance of counsel they must show (1) that counsel's performance was deficient, and (2) that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1994). In assessing whether a counsel's performance was deficient, the court must consider whether the counsel's conduct was "reasonable[] under prevailing professional norms." Id. at 688. Courts employ a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." See Id. at 689. To

---

[1]Jackson also alleges that he was denied effective assistance of counsel and that he was denied his right to appeal. Both of these allegations, if true, would be would be cause for failing to raise this claims on direct appeal. However, for the reasons discussed below, I find Jackson had effective counsel and was not denied his right to appeal.

show prejudice, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the preceding would have been different." Id. at 694. In the context of a guilty plea, this means the defendant must show that he would have insisted on going to trial if counsel had been effective. See Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997).

Jackson alleges Flynn was unconstitutionally ineffective because Flynn failed to "explain what was going on" and failed to provide "effective" information about drug programs and crack sentencing reductions.

*i. Failure to Explain*

Jackson alleges Flynn was unconstitutionally ineffective because Flynn failed to explain "what was going on." This allegation is refuted by the record. During Jackson's plea hearing Jackson represented to the court that he was satisfied with Flynn, and that there was nothing else he believed Flynn should have done. A strong presumption of verity attaches to a defendant's representations during plea hearings, and it is the defendant's "heavy burden to overcome those admissions." See Nguyen, 114 F.3d at 703. Here, Jackson cannot overcome that burden because he has not alleged his statements during the plea hearing were false, and has not alleged what Flynn failed to explain. Therefore, I will take Jackson's earlier statements as true. Based on these statements I find that Flynn was not deficient as counsel. To the contrary, Jackson was satisfied with Flynn's performance and did not believe there was anything else Flynn should have done. Jackson received the statutory minimum sentence.

Moreover, even if I accept Jackson's allegation that Flynn did not explain the proceedings, and based on that found Flynn deficient, Jackson's claim would fail because he cannot establish

5

prejudice. Flynn has not alleged anything suggesting he would have gone to trial if Flynn had not been deficient. The record reflects that Jackson understood the rights he was giving up by pleading guilty, and understood the consequences of pleading guilty. Therefore, even if Jackson was able to establish deficiency, he cannot establish prejudice.

      *ii. Failure to Provide Effective Information about Crack Reductions and Drug Programs*

Jackson alleges that Flynn was ineffective as counsel because Flynn failed to provide him effective information about "sentence reductions for crack offenses" and effective information about drug programs. This allegation fails because there was no information Flynn should have provided to Jackson.

Jackson does not specify what "sentence reductions" for crack offenses he is referring to in his petition. The only crack reduction the Court is aware of is Amendment 706 of the Federal Sentencing Guidelines which gave a two-level offense reduction for crack offenses. Jackson is not entitled to a two-level reduction based on Amendment 706 because that Amendment was already incorporated in the 2007 edition of the Guidelines Manual which was used in calculating Jackson's guideline range of punishment. In addition, Jackson pleaded guilty to the possession with the intent to distribute 122 grams of crack cocaine. As a result, he was sentenced to a statutory minimum sentence of 120 months imprisonment under 21 U.S.C. § 841(b)(1)(A). Any sentencing reductions for crack offenses in the Guidelines do not change the statutory minimum for the offense to which Jackson pleaded guilty. (As noted above Jackson did not qualify for safety-valve relief under U.S.S.C. § 5C1.2(a)(2).) Therefore, Flynn's representation was not deficient for allegedly failing to provide information about sentence reductions for crack offenses that had no impact on the imposition of on the statutory minimum sentence imposed in this case.

6

Jackson's claim that Flynn was ineffective as counsel because he did not provide Jackson information about drug programs also fails. Assuming drug programs existed, and assuming Flynn's alleged failure to provide Jackson information about those programs was deficient, Jackson can not establish prejudice due to Flynn's failure. Jackson has not alleged treatment programs exist which are available to defendants who go to trial, but not available to defendants who plead guilty. In the absence of such programs there is no reason to believe that had Jackson been informed about drug programs generally he would have chosen to go to trial rather than pleading guilty. Therefore, Flynn's alleged failure to provide information about drug programs didn't prejudice Jackson.

In addition, there is nothing in the record that would indicate that Jackson would qualify or benefit from a drug treatment program. To the contrary, paragraph 43 of the Presentence Report indicates that Jackson was not a drug user in need of a treatment program:

> The defendant reported that he is a social drinker and has never consumed alcohol to the point of intoxication. The defendant began smoking marijuana in the ninth grade, and only used the drug on six occasions. The defendant denied the use of other illicit substances or abuse of prescription medication.

Because Jackson cannot establish prejudice I find he was not denied effective assistance of counsel for counsel's alleged failure to inform Jackson of drug treatment programs.

*C. Jackson was not Denied his Right to an Appeal*

Jackson alleges he was never given any information regarding his right to appeal. This claim is contradicted by the record. Jackson filed a notice of appeal on June 5, 2008. The 8th Circuit Court of Appeals heard arguments in Jackson's case, and issued an opinion denying Jackson's claim on January 28, 2009. Because Jackson appealed his conviction, I find he was not

denied his right to appeal.

*D. An Evidentiary Hearing is not Warranted*

Generally , 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their petition. However, there is a well established exception to this rule when the files and records of the case conclusively show that the petitioner is not entitled to relief.  <u>Hodges v. United States</u>, 368 U.S. 139, 140 (1961); <u>Cheek v. United States</u>, 858 F.2d 1330, 1333 (8th Cir. 1988).  Because the record in this case conclusively establishes that Jackson is not entitled to relief, his request for a hearing is denied.

*E. Certificate of Appealability*

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right.  See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).  A substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." <u>Id.</u>  For the reasons above I find Jackson has not made such a showing.  Thus, I will not issue a certificate of appealability.

Accordingly,

**IT IS HERBY ORDERED** that the motion of Gustavus Jackson to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability, as Jackson has not made a substantial showing of the denial of a federal constitutional right.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2010.